UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                                )
**GUSTAVO T. LUNA,**             )
                                )
          Petitioner,            )
                                )
     v.                          )   Civil Action No. 08-235 (RWR)
                                )
**MICHAEL B. MUKASEY, et al.**    )
                                )
          Respondents.           )
_____)

                          MEMORANDUM OPINION

     Petitioner Gustavo Luna currently is incarcerated at a Federal Correctional Institution in Oakdale, Louisiana. Generally, he challenges the jurisdiction of the United States District Court for the Western District of Missouri over his criminal case, the constitutionality of the statutes under which he was convicted and sentenced, and defense counsel's failure to raise these issues. Challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction both properly are raised in a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.[1]   See Taylor v. United

---

[1] Luna urges that he has a right to bring his petition pursuant to the "Original Habeas Corpus" because § 2255 was never lawfully enacted and is unconstitutional on its face. (See Pet'r Br. at 48.) However, the Supreme Court has upheld § 2255 and found that it does not infringe a prisoner's right to collaterally attack a conviction. See United States v. Hayman, 342 U.S. 205, 218-19 (1952) (discussing the legislative history of § 2255 and finding no indication that its purpose was "to

- 2 -

States Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

Id. (emphasis added).

Having found no impediment that would render a § 2255 petition by Luna to the court which sentenced him to be inadequate or ineffective, his petition before this court will be

---

impinge upon prisoners' rights of collateral attack upon their convictions"); see also Derleth v. U.S., Civil No. 05-205 (GPK), 2006 WL 1804618, at *5 (S.D. Tex. June 27, 2006) (rejecting petitioner's argument that § 2255 was unconstitutional because of legislative infirmities and emphasizing that even if the original version of § 2255 was unconstitutional, "the later version presumably met constitutional requirements"). Accordingly, Luna's argument is unpersuasive and his petition will be construed as a § 2255 petition.

- 3 -

denied *sua sponte*.  <u>See, e.g.</u>, <u>Pradelski v. Hawk-Sawyer</u>, 36 F. Supp. 2d 1, 3 (D.D.C. 1999).  An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 18th day of March, 2008.

<pre>
                          /s/
              RICHARD W. ROBERTS
              United States District Judge
</pre>